**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2335
_____

K. KABASHA GRIFFIN-EL,
a/k/a KEITH FEDELE GRIFFIN

v.

JEFFREY BEARD; DONALD VAUGHN; JOHN S. SHAFFER;
DAVID DIGUGLIELMO; MICHAEL A. LORENZO; WILLIAM FAIRALL;
THOMAS DOHMAN; JOHN W. MOYER; WENDY SHAYLOR;
JASON DOMBROSKY; EARL E. THOMAS a/k/a E.E. THOMAS;
RONALD QUICK; THOMAS SCARPATI; SYLVIA PALLOTT; JAIME LUQUIS;
GERALD SOBOTOR; MARY CANINO; KIM ULISNY; FRANCIS FEILD;
GERALD GALINSKI; WILLIAM BANTA; GUY SMITH; ROBERT BITNER

William Banta, Robert Bitner, Mary Canino,
David DiGugliemo, Thomas Dohman, Jason Dombrosky,
Francis Feild, Gerald Galinski, Michael A. Lorenzo,
John W. Moyer, Sylvia Pallott, Ronald Quick,
Thomas Scarpati, Wendy Shaylor, Guy Smith, Earl E. Thomas,
Appellants
_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-06-cv-02719)
Magistrate Judge: Honorable L. Felipe Restrepo
_____

Submitted Under Third Circuit LAR 34.1(a)
January 12, 2011

Before: SCIRICA, BARRY and VANASKIE, *Circuit Judges*

(Filed: February 3, 2011)

_____

OPINION
_____

VANASKIE, *Circuit Judge*.

K. Kabasha Griffin-El, a state inmate, brought this action pursuant to 42 U.S.C. § 1983 against numerous officials and employees of the Pennsylvania Department of Corrections ("DOC"), alleging the violation of his constitutional rights arising from the search of his cell and confiscation of his property that followed the enactment of a DOC policy prohibiting inmate possession of certain UCC-related materials. The District Court granted summary judgment for the defendants on all claims except a First Amendment claim against sixteen defendants (hereinafter "Appellants") that alleged that they had retaliated against Griffin-El for making complaints and filing grievances relating to the search and seizure. Appellants filed this interlocutory appeal, challenging the District Court's denial of qualified immunity on the retaliation claim. For the reasons that follow, we will vacate the order of the District Court insofar as it denied Appellants qualified immunity, and remand the case to the District Court for further proceedings consistent with our opinion.

I.

The District Court had jurisdiction in this case under 28 U.S.C. §§ 1331 and 1343(a)(3). We have jurisdiction to review a district court's "denial of a claim of qualified immunity, to the extent that it turns on an issue of law," as a final decision within the meaning of 28 U.S.C. § 1291. *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985).

"We have no jurisdiction, however, in an interlocutory appeal to review a District Court's determination that there is sufficient record evidence to support a set of facts under which there would be no immunity." *Schieber v. City of Philadelphia*, 320 F.3d 409, 415 (3d Cir. 2003) (citing *Johnson v. Jones*, 515 U.S. 304, 313 (1995)). Therefore, "our jurisdiction to review the District Court's order denying summary judgment depends on whether the defendants' appeal raises pure questions of law or whether it challenges the District Court's determination of which facts were sufficiently supported by evidence." *Blaylock v. City of Philadelphia*, 504 F.3d 405, 409 (3d Cir. 2007). "If we have jurisdiction to review an order rejecting qualified immunity at the summary judgment stage, our review of the order is plenary." *Eddy v. Virgin Islands Water & Power Auth.*, 256 F.3d 204, 208 (3d Cir. 2001).

Appellants argue that the District Court's analysis of the qualified immunity issue was deficient in two primary respects. First, relying on *Grant v. City of Pittsburgh*, 98 F.3d 116 (3d Cir. 1996), and *Rouse v. Plantier*, 182 F.3d 192 (3d Cir. 1999), Appellants argue that the District Court failed to analyze the specific conduct of each Appellant claiming qualified immunity. Second, relying on *Forbes v. Township of Lower Merion*, 313 F.3d 144 (3d Cir. 2002), they argue that the District Court failed "to specify those material facts that are and are not subject to genuine dispute and explain their

materiality." *Id.* at 146. Because we find these arguments raise pure questions of law, we conclude that we possess jurisdiction over the interlocutory appeal.[1]

## II.

"The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 129 S. Ct. 808, 815 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Thus, two separate inquiries govern whether an official is entitled to qualified immunity: (1) whether the facts alleged by the plaintiff establish a violation of a constitutional right, and (2) whether the constitutional right at issue was clearly established at the time of the alleged violation. *Id.* at 815-16 (citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001), *overruled in part by Pearson*, 129 S. Ct. at 818 (holding that courts may address either of these issues first)). "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier*,

---

[1] Griffin-El contends that Appellants challenge the District Court's findings as to the sufficiency of the evidence to create genuine issues of material fact and that we therefore lack jurisdiction. We disagree. Appellants' arguments in no way require our review of the District Court's determination that the pretrial record contained sufficient evidence to raise genuine issues of fact for trial.

Griffin-El also argues that the Court lacks jurisdiction because the District Court determined that the availability of qualified immunity depended on material issues of fact that would have to be determined by a jury. The mere fact, however, that the District Court determined that there are disputed factual issues relating to qualified immunity does not deprive us of jurisdiction to review the purely legal questions Appellants raise. *See Behrens v. Pelletier*, 516 U.S. 299, 312-13 (1996); *Giuffre v. Bissell*, 31 F.3d 1241, 1247 (3d Cir. 1994).

533 U.S. at 202. "[I]t is not sufficient that the right at issue be clearly established as a general matter. Rather, the question is whether a reasonable public official would know that his or her *specific conduct* violated clearly established rights." *Grant*, 98 F.3d at 121 (citing *Anderson v. Creighton*, 483 U.S. 635, 636-37 (1987)).

Consistent with the instruction that qualified immunity be assessed in the context of each individual defendant's specific conduct, we have required "an analysis of the facts adduced concerning the conduct of the official who claims immunity." *Brown v. Grabowski*, 922 F.2d 1097, 1111 (3d Cir. 1990). Thus, where, as here, a claim is asserted against numerous officials who interacted with the plaintiff in different ways and at different times, we have directed that the district court "analyze separately the conduct of each . . . Defendant against the constitutional right allegedly violated." *Grant*, 98 F.3d at 123; *see also Rouse*, 182 F.3d at 200-01. Furthermore, to facilitate our review of qualified immunity decisions, we have required district courts to provide "an identification of relevant factual issues and an analysis of the law that justifies the ruling with respect to those issues." *Forbes*, 313 F.3d at 149. Read together, *Grant* and *Forbes* require an identification of the factual issues pertinent to each official claiming qualified immunity and an analysis of the law as it applies to the determination of each official's qualified immunity claim.

In considering the qualified immunity defense in this case, the District Court did not engage in the requisite analysis as to each official's specific conduct in the context of the retaliation claims asserted by Griffin-El. Instead, having already decided to deny

5

summary judgment on the merits of the claims, the District Court reiterated that Griffin-El had alleged the violation of a constitutional right: "Here, as explained, taking the facts in the light most favorable to plaintiff, at this stage of the proceedings plaintiff has provided sufficient evidence of a constitutional violation of his right to submit complaints and grievances without suffering retaliation." *Griffin-El v. Beard*, No. 06-2719, 2010 WL 1837813, at *9 (E.D. Pa. April 30, 2010). The District Court then determined that the right allegedly violated was clearly established: "[I]t would be clear to a reasonable prison official at the relevant time in the specific context of this case that plaintiff had a right to be free from retaliation for exercising his right to file grievances." *Id.* Finally, the District Court summarily concluded that triable issues of fact remained with respect to the underlying retaliation claims, which would bear on the entitlement to immunity: "To the extent that defendants argue that they had legitimate, non-retaliatory reasons for their actions, '[their] argument is more properly viewed as a challenge to the factual issues of motivation and rebuttal.'" *Id.* (quoting *Reilly v. City of Atlantic City*, 532 F.3d 216, 232-33 (3d Cir. 2008) (citing *Monteiro v. City of Elizabeth*, 436 F.3d 397, 404-05 (3d Cir. 2006) ("whether [defendant's] conduct violated clearly established law depended upon [defendant's] motivation" for alleged retaliatory act)). The District Court accordingly denied the motion for summary judgment on the basis of qualified immunity without stating whether there was sufficient evidence of motive as to each Appellant to justify submitting the issue to a jury.

6

As indicated above, *Forbes* "announce[d] a supervisory rule to be followed in all subsequent cases in which a summary judgment motion based on qualified immunity is denied on the ground that material facts are subject to genuine dispute." 313 F.3d at 146. The rule requires district courts "to specify those material facts that are and are not subject to genuine dispute and explain their materiality." *Id.* We find that the District Court's cursory reference to the "factual issues of motivation and rebuttal" fails to meet the specificity required by *Forbes*.

Griffin-El's retaliation claims arose in different contexts, and different defendants interacted with Griffin-El in different ways and at different times. For instance, Appellants Scarpati and Thomas are sued based solely on their search of Griffin-El's cell and seizure of certain items, an event that occurred before any grievance was even filed by Griffin-El. The District Court did not provide any analysis of the facts that are unique to the First Amendment retaliation claims asserted against Scarpati and Thomas. Appellant Pallott is sued based upon a vote that could have resulted in the revocation of Griffin-El's single-cell status, but it is not clear that her vote had that effect. Moreover, she disclaimed knowledge of any of the purported First Amendment protected activity that Griffin-El asserts was the motivating force for her vote. The District Court did not address these matters in its opinion. Other Appellants' alleged retaliation springs from different conduct with respect to the alleged First Amendment protected activity. The District Court's reference to "issues of motivation and rebuttal" simply does not enable

7

us to engage in the requisite defendant-specific review of the District Court's blanket denial of qualified immunity.

We will therefore vacate the District Court's denial of summary judgment on the basis of qualified immunity and remand for the District Court to specify, in compliance with *Forbes*, which material facts, if any, preclude qualified immunity as to each Appellant. On remand, the District Court should ensure it analyzes separately the specific conduct of each Appellant in determining whether Griffin-El has "adduced evidence sufficient for a factfinder to conclude that a reasonable public official would have known that his or her conduct had violated clearly established constitutional rights."[2] *Grant*, 98 F.3d at 118.

### III.

For the reasons set forth above, we will vacate the portion of the order denying Appellants' motion for summary judgment on Griffin-El's First Amendment retaliation claims, and remand for the District Court to address the qualified immunity issue in accordance with this opinion.

---

[2] We are sensitive to the burden we impose on the able District Court where, as here, a plaintiff sues a host of individuals. But each state actor is entitled to have the defense of qualified immunity considered in the context of his or her specific conduct in determining whether there is indeed a genuine dispute of fact material to the question of whether "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier*, 533 U.S. at 202.